IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-01534-RPM-KLM

PAT MALONE,

    Plaintiff,

v.

HIGHWAY STAR LOGISTICS, INC.,
JITENDER BABBAR a/k/a BABBAR JITENDER, and
JASPAL SANDHU,

    Defendant(s).
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's Motion to Serve Defendants Highway Star Logistics, Inc. and Babbar by Alternative Means** [Docket No. 22; Filed July 1, 2009] (the "Motion").[1]  Plaintiff seeks an order allowing him to effect service of process on Defendants Highway Logistics, Inc. and Babbar by certified mail to the Defendants' last known addresses and by publication.  Defendant Sandhu takes no position with respect to this motion.

    This is a diversity action that was removed from the Jefferson County District Court, Colorado. *Notice of Removal* [#1].  In his complaint, Plaintiff alleges that Defendant Jitender Babbar a/k/a Babbar Jitender ("Babbar") is a resident of Canada.  *Id.* Att. 1 ¶ 3.  Plaintiff also asserts that Defendant Highway Star Logistics, Inc. ("Highway Star") is a corporation

---

[1] Defendant Sandhu has been served and has filed an answer to the complaint. [Docket No. 3].

formed under the laws of Ontario and Canada with a principal place of business in Canada. *Id.* ¶¶ 4, 5.  The Motion alleges that despite considerable efforts, Plaintiff has been unable to serve Defendants Babbar and Highway Star with a copy of the summons and complaint. Plaintiff seeks an order allowing him to attempt service by alternate means.

Rule 4(f) of the Federal Rules of Civil Procedure governs service upon individuals in a foreign country.  *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 299 (2d Cir. 2005); *Marks v. Alfa Group,* 615 F.Supp. 2d 375, 377 (E.D. Pa. 2009).  The rule also applies to foreign corporations not within any judicial district of the United States.  Fed. R. Civ. P. 4(h)(1)(2). The rule allows for service of process "by any internationally agreed means that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents [Hague Service Convention]." Fed. R. Civ. P. 4(f)(1).  The Hague Service Convention is "intended to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 466 U.S. 694, 698 (1988).  The Convention applies "where there is occasion" to transmit a judicial document for service abroad.  *Id.* at 702 (quoting Article 1 of the Hague Service Convention).  Compliance with the Convention is mandatory in all cases to which it applies.  *Id.* at 705. Canada and the United States are signatories to the Hague Service Convention. *Dimensional Communications, Inc. v. O2 Optics*, 218 F. Supp.2d 653, 655 (D.N.J. 2002); *Marcantonio v. Primorsk Shipping Corp.*, 206 F.Supp.2d 54, 56 (D. Mass. 2002).

The primary means by which service is accomplished under the Hague Service Convention is through a receiving country's "central authority" designated to receive

requests for service of documents from other countries. 20 U.S.T. 362, T.I.A.S. 6638, Art. 2. However, this is not the exclusive approved method of service under the Hague Service Conviction. Signatories can use a variety of additional methods of service. For instance, a signatory nation may effect service abroad directly through that nation's diplomatic or consular agents. *Id.* Art. 8. Article 9 permits signatories to use these agents to forward documents to designated authorities in the receiving nation, who then must serve process on the parties. The Convention also allows signatories to agree to other methods of service besides those listed therein. *Id.* Art. 11. Courts have interpreted Rule 4(f) as stating no preference as to the method of service on a foreign individual or corporation. Wright & Miller, Federal Practice and Procedure: Civil 3d § 1134.

Plaintiff's Motion and attached exhibits detail the efforts Plaintiff has made to effect service on Defendants Highway Star and Babbar. Plaintiff attempted service through Canada's Central Authority under the Hague Service Convention and through private process servers. *Id.* Plaintiff made a number of attempts to effect service at various addresses in Brampton and Mississauga, Ontario: (1) the address on Highway Star's Commercial Vehicle Operators Registration Certificate;[2] (2) the address on Highway Star's Canada Inter-Province Motor Vehicle Liability Insurance Card; (3) Highway Star's address according to New York's Department of Transportation; (4) addresses provided by Defendant Sandhu; and (5) the address listed on Babbar's driver's license and on the report documenting the incident giving rise to the present case. *Motion* [#22] at 2-5; Exhibits B, C, D, H, I.

---

[2] This case involves the alleged negligent operation of a semi-truck and trailer owned by Highway Star. *Notice of Removal* [#1] Att. 1.

The Court is satisfied that due diligence has been used to obtain service of Defendants Highway Star and Babbar through traditional means. When such service methods fail, the Court may order service "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). Whether to allow alternative methods of service of process under Rule 4(f)(3) is a matter of discretion for the district court. *Brookmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004). Prior to granting a motion under Rule 4(f)(3), the court may require that plaintiff show that he made "reasonable efforts to serve the defendant" and "that the court's intervention will avoid further unduly burdensome or futile efforts at service." *Studio A Entertainment, Inc. v. Active Distributors, Inc.*, No. 1:06CV2496, 2008 WL 162785 at *3 (N.D. Ill. Jan. 15, 2008). The use of alternative means directed by the court "is not a disfavored process and should not be considered extraordinary relief." Wright & Miller, *supra* at § 1134.

Plaintiff has suggested two alternate means of attempting service on Highway Star and Babbar, by certified mail and by publication.[3] Courts have approved these methods of service under Fed. R. Civ. P. 4(f)(3). *See, e.g.*, *Brockmeyer*, 383 F.3d at 808 (holding that service of process by international mail allowed under Hague Convention); *Levin v. Ruby Trading Corp.*, 248 F.Supp. 537, 541 (S.D.N.Y. 1965) (when prior service attempts failed on Canadian defendant, court approved service by ordinary mail); *U.S. Commodity Futures Comm. v. Lake Shore Asset Mgmt., Ltd.*, No. 07 C 3598, 2008 WL 4299771, at *4 (N.D. Ill. Sept. 17, 2008) (court approves service of foreign defendant by publication); *B.P. Products*

---

[3] Plaintiff also cites Ontario Supreme Court R. 16.04(1) for the proposition that the Court may dispense with service altogether, but has provided no authority permitting such relief in the present circumstances.

*North America, Inc. v. Dagra*, 236 F.R.D. 270, 272 (E.D. Va. 2006) ("service by publication to a defendant in a foreign country is acceptable alternative means under 4(f)(3)..."). Plaintiff has shown that he took sufficient reasonable steps to serve Defendants Highway Star and Babbar.  Any further attempts by the usual methods of service would be futile. Service by mail and publication is appropriate here. Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**.

IT HEREBY FURTHER **ORDERED** that Plaintiff is granted leave to serve Defendants Highway Star Logistics, Inc. and Jitender Babbar a/k/a Babbar Jitender by certified mail at their last known addresses, <u>and</u> by publication in the following newspapers in Ontario, Canada: the Brampton Guardian, the Globe and Mail and the Mississauga News. Both methods of service must be used and proof of both must be provided to the Court.  The notice for publication shall include the name of the court and the civil action number, the names of the parties, the time within which Defendants Highway Star and Babbar are required to answer the complaint 45 days after publication, and notice that failure to do so may result in the entry of judgment by default against the Defendants.

Dated:  July 13, 2009

BY THE COURT:

  s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge